OPINION
{¶ 1} Defendant-appellant David Christman appeals the decision of the Monroe County Common Pleas Court which denied his second petition for post-conviction relief. Because he has failed to allege any operative facts establishing his statutory burden for filing a successive post-conviction relief petition, the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE {¶ 2} On October 31, 1996, appellant was convicted of murdering his wife. This court upheld his conviction on direct appeal in a twenty-eight page opinion. State v. Christman (May 28, 1999), 7th Dist. No. 786. Appellant filed a timely petition for post-conviction relief, which was denied by the trial court on September 16, 1999. This court upheld that decision, stating that his claims were not outside the record and that they could have been or were raised at trial or on direct appeal. State v.Christman (Jan. 25, 2001), 7th Dist. No. 828.
 {¶ 3} In June 2005, appellant filed another petition for post-conviction relief. Factually, he stated that he does not even know if his wife is dead as there is no crime scene or physical evidence. He also contended that the case was fabricated by his father, brother, their attorney, the police and some witnesses. Legally, he claimed he was denied his Sixth Amendment right to effective counsel because there was an inadequate investigation and a failure to present relevant evidence that could have established his innocence. He also alleged a due process violation because he was convicted on insufficient evidence that was tainted by prosecutorial misconduct.
 {¶ 4} On June 30, 2005, the trial court denied his petition. Appellant filed timely notice of appeal.
 ASSIGNMENT OF ERROR {¶ 5} Appellant's sole assignment of error contends:
 {¶ 6} "TRIAL COURT WRONGFULLY DENIED APPELLANT'S POST-CONVICTION PETITION."
 {¶ 7} In the two-page handwritten argument section of his brief, appellant claims that his petition was filed upon newly discovered evidence pursuant to R.C. 2953.23 and required an evidentiary hearing. He states that his wife is still alive and that he can show that his conviction was the result of a "conspiracy cover-up over my inheritance of my family's multi-million dollar oil business." He claims he was unavoidably prevented from discovering the facts upon which his petition relies and urges that he has shown by clear and convincing evidence that no reasonable person would have found him guilty.
 LAW ANALYSIS {¶ 8} Pursuant to R.C. 2953.23(A), a court may not entertain an untimely, second or successive petition for post-conviction relief unless:
 {¶ 9} "(1) Both of the following apply:
 {¶ 10} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
"(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *.
 {¶ 11} "(2) [or the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or of an aggravating circumstance]."
 {¶ 12} No new retroactive right is claimed in this case. And, appellant's petition does not establish or even allege that he was unavoidably prevented from discovering facts upon which the petition must rely. We also note that one cannot present arguments in an appellate brief that were not presented in the petition filed in the trial court. See, e.g., State v. Awan
(1986), 22 Ohio St.3d 120, 122. In any event, his appellate brief only generally claims he was unavoidably prevented from discovering facts, but it does not specify these facts or show that he was so prevented.
 {¶ 13} Furthermore, appellant in no way showed that there was a constitutional error and did not show by clear and convincing evidence that no reasonable trier of fact would have convicted him but for the error. Finally, many of the arguments raised in the petition could have been raised on direct appeal and the others could have been raised in the prior petition.
 {¶ 14} For the foregoing reasons, appellant's petition failed to meet the test for successive petitions set forth in R.C.2953.23. Hence, his petition was properly denied. The judgment of the trial court is hereby affirmed.
Waite, J., concurs.
DeGenaro, J., concurs.